UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY AFANADOR, : | |
| : | |
| Petitioner, : | Civ. No. 19-46 (RBK) |
| : | |
| v. : | |
| : | |
| WARDEN JOHN POWELL, et al., : | **OPINION** |
| : | |
| : | |
| Respondents. : | |

Petitioner is a state prisoner currently incarcerated at South Woods State Prison. He is proceeding with a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondents' motion to dismiss the Petition as untimely. Petitioner did not oppose the motion. For the reasons set forth below, the Court will grant Respondents' motion, dismiss the Petition with prejudice, and dismiss Petitioner's motion to appoint *pro bono* counsel as moot.

I.  BACKGROUND

Petitioner states that the trial court sentenced him on February 22, 2011, for robbery and related charges. He filed a notice of appeal with the New Jersey Superior Court, Appellate Division, on August 10, 2011, and that court affirmed on June 26, 2013. Petitioner then filed a petition for certification to the Supreme Court of New Jersey on July 15, 2013, and that court denied certification on February 4, 2014. Petitioner did not seek certiorari from the United States Supreme Court.

Thereafter, Petitioner filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court, on January 16, 2015, and that court denied that PCR petition on November 30, 2015. Petitioner filed a PCR appeal on that same day, November 30, 2015, and the Appellate

Division affirmed on February 1, 2018.  Petitioner filed a defective petition for certification with the New Jersey Supreme Court on February 2, 2018, and that court rejected his petition as deficient on March 13, 2018.  In that rejection letter, the court explained the necessary filing requirements and advised Petitioner that he would need to file a motion for leave to file within time, along with his revised petition for certification.  (ECF No. 10-12).

Petitioner then filed a proper petition for certification and supporting documents on April 10, 2018, and the Supreme Court of New Jersey granted the motion for leave to file within time on May 1, 2018.  That court denied certification on September 5, 2018.

Petitioner filed his first Petition with this Court on December 21, 2018,[1] and the Court terminated the document for Petitioner's failure to use the proper form.  Petitioner then submitted the instant amended Petition (hereinafter "Petition"), raising among other things, various evidentiary challenges, an excessive sentencing challenge, ineffective assistance of counsel claims, and challenges under the Sixth and Fourteenth Amendments.

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.

---

[1] Pursuant to the prison mailbox rule, the Court will accept the date on the Petition as the filing date, rather than the date that the Court actually received his Petition.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.   DISCUSSION

As mentioned above, Respondents contend that the instant Petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[2] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such

---

[2] The statute states in full, that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here

review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

The filing of a post-conviction relief ("PCR") petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

As discussed above, Petitioner completed his direct appeals on February 4, 2014, and his judgment became final on May 5, 2014, after the time to seek certiorari from the Supreme Court had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari). Petitioner did not file his PCR petition with the PCR court until January 16, 2015, resulting in 257 days of un-tolled time.

On November 30, 2015, the PCR court denied his PCR petition and he filed an appeal of that denial on that same day, resulting in no un-tolled time. On February 1, 2018, the Appellate Division affirmed the denial of post-conviction relief. Petitioner sought to challenge that decision but filed a defective petition for certification with the New Jersey Supreme Court on February 2, 2018, and that court rejected his petition as deficient, by letter, on March 13, 2018. (ECF No. 10-12). In that same letter, the court notified Petitioner that he would have to file a motion for leave

to file within time, along with his next petition, as the 30-day time period to petition to the New Jersey Supreme Court had already expired.

Petitioner then filed a proper petition for certification and supporting documents on April 10, 2018, and the Supreme Court of New Jersey granted the motion for leave to file within time on May 1, 2018. Consequently, that decision rendered Petitioner's April 10, 2018, petition for certification "a properly filed application for State post-conviction review" and tolled the time during the pendency of that petition. 28 U.S.C. § 2244(d); *see, e.g.*, *Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 124 (3d Cir. 2017) (holding that "the time between the request to consider the [appeal] as within time and the decision to accept the [appeal] as within time" is tolled under § 2244(d)(2)); *Creamer v. Johnson*, No. 17-6253, 2019 WL 2376155, at *5 (D.N.J. June 5, 2019); *Ardis v. Attorney Gen. of New Jersey*, No. 17-2912, 2018 WL 5617550, at *3 (D.N.J. Oct. 30, 2018).

As a result, accounting for the 30 days in which Petitioner had to file a petition for certification,[3] there was 38 days of un-tolled time between the Appellate Division's February 1, 2018, decision affirming the denial of post-conviction relief, and Petitioner's April 10, 2018, petition for certification to the New Jersey Supreme Court.

The New Jersey Supreme Court denied the petition for certification on September 5, 2018, and Petitioner did not file the instant § 2254 Petition until December 21, 2018,[4] resulting in 107 days of un-tolled time. Taken together, the total amount of un-tolled time between when

---

[3] N.J. Ct. R. 2:12-7.

[4] As mentioned above, due to the prisoner mailbox rule the Court will accept the date on the Petition as the filing date, rather than the date that the Court actually received his Petition. Accordingly, the Court rejects Respondents' calculations, to the extent that they rely on the latter of those two dates.

Petitioner's judgment became final and when he filed the instant Petition is 402 days. Accordingly, the AEDPA's one-year statute of limitations bars his Petition.

If, however, a petitioner can demonstrate extraordinary circumstances to warrant "equitable tolling," then a court may relax the one-year limitations period. *Jenkins*, 705 F.3d at 84–85. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether" a given case warrants equitable tolling. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399).

For equitable tolling to apply, the Third Circuit requires a showing of reasonable diligence:

> This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well. . . . The fact that a petitioner is proceeding pro se does not insulate him from the reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.

*Ross*, 712 F.3d at 799-800 (internal quotation marks omitted) (citations omitted). A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In the instant case, Petitioner has not argued that he is entitled to equitable tolling and declined to oppose Respondents' motion to dismiss. Further, a review of the Petition offers no

6

explanation for Petitioner's delays in bringing his state PCR petition or the instant § 2254 Petition, which might have allowed this Court to consider equitable tolling. Certainly, the Court could infer that Petitioner's lack of legal knowledge resulted in his defective PCR petition for certification to the New Jersey Supreme Court, but again, garden variety neglect and "lack of legal knowledge or legal training does not alone justify equitable tolling." *See Ross*, 712 F.3d at 799–800. Accordingly, the Court will grant Respondents' motion, dismiss the Petition with prejudice as untimely, and dismiss Petitioner's motion to appoint *pro bono* counsel as moot.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that the Petition is untimely under the AEDPA. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Respondents' motion to dismiss, dismiss the Petition with prejudice, dismiss Petitioner's motion to appoint *pro bono* counsel as moot, and will not issue a certificate of appealability. An appropriate Order follows.

Dated: October  26  , 2019                     s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge